# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TODD KLEISINGER, | : | Case No. 1:15-cv-134 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

### ORDER GRANTING PLAINTIFF'S MOTION
### FOR APPROVAL OF ATTORNEY FEES
### UNDER 42 U.S.C. § 406(b) (Doc. 21)

This civil action is before the Court on Plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 21) (the "Fee Motion" or the "Motion"), as well as the parties' responsive memoranda (Docs. 22, 23).

### I. BACKGROUND

In 2015–2016, Mr. Acciani ("Counsel") represented Plaintiff in a successful Social Security disability benefits appeal. (*See* Docs. 1, 6, 9, 14, 15, 17). As a result of Counsel's representation, Plaintiff received a total of $69,713.00 in past-due benefits. (*See* Doc. 21-2 at 3). Counsel represented Plaintiff pursuant to a contingent fee agreement, which provides that Counsel is entitled to 25% of any past-due benefits awarded to Plaintiff in this case. (*See* Doc. 21-1 at 1).

In line with the contingent fee agreement, the Social Security Administration withheld 25% of Plaintiff's past-due benefits ($17,428.25), in anticipation of an attorney

fees award.  (Doc. 21-2 at 3).  Counsel has already received $6,000.00 in attorney fees for the work he performed at the administrative level.  (Doc. 21 at 2).  And Counsel has already received $2,465.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA").  (*Id.*; Doc. 20 at 1).

Now, in the Fee Motion, Counsel moves the Court to award him the remaining $8,963.25 in attorney fees under the Social Security Act, 42 U.S.C. § 406(b) (the "SSA"). (Doc. 21 at 1).  Counsel has submitted a time sheet providing that he worked a total of 14.5 hours on Plaintiff's federal case.  (*Id.* at 6).  The Commissioner has submitted a response in opposition to the Motion (Doc. 22), and Counsel has submitted a reply in support of the same (Doc. 23).

The Fee Motion is now ripe for decision.  (Doc. 21).  In a nutshell, the Court must determine whether the proposed award is appropriate under § 406(b).

## II.  STANDARD OF REVIEW

Pursuant to § 406(b), an attorney who successfully represents a Social Security claimant may seek a reasonable fee for such representation, not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).

The Court must determine the reasonableness of the fees sought subject to the statutory 25% cap.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The statutory 25% cap should not be viewed as *per se* reasonable and, instead, should be used as a starting point for the Court's analysis.  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Importantly, § 406(b) "does not displace contingent-fee agreements"; rather, it "calls for

2

court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

When "a fee agreement has been executed by the claimant and the claimant's attorney . . . due deference should be given to this expression of the intentions of the parties." *Rodriquez*, 865 F.2d at 746. However, the existence of a fee agreement does not bind the Court. *Id.* (citations omitted). A reduction in attorney fees may be warranted if: (1) counsel acted improperly or provided ineffective assistance; or (2) "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *Gisbrecht*, 535 U.S. at 808.

### III. ANALYSIS

Here, Counsel moves the Court to award him $8,963.25 in attorney fees pursuant to a 25% contingent fee agreement.[1] (Doc. 21 at 2). $8,963.25 represents 25% of Plaintiff's past-due benefits ($17,428.25), less the attorney fees Counsel has already received at the administrative level ($6,000.00) and under the EAJA ($2,465.00). (*Id.*)

---

[1] It appears that Counsel failed to file the Fee Motion in accordance with S.D. Ohio Civ. R. 54.2(b)—*i.e.*, within 45-days after Plaintiff's notice of award was issued. (Doc. 21). The Court notes that, notwithstanding this procedural mistake, Counsel has provided Plaintiff with excellent representation, and the Commissioner has not complained of any prejudice. (Doc. 22). The Court further notes that, at the time Plaintiff's notice of award was issued, S.D. Ohio Civ. R. 54.2(b) had only recently become effective. *Compare* S.D. Ohio Civ. R. 54.2(b) (effective January 1, 2016), *with* (Doc. 21-2 (dated May 19, 2016)). Under the facts of this case, the Court concludes that it is proper to equitably toll the deadline set forth in S.D. Ohio Civ. R. 54.2(b) such that the Fee Motion is timely. *See Ferry v. Comm'r of Soc. Sec.*, No. 1:13-cv-482, 2016 WL 4471672, at *3 (S.D. Ohio Aug. 4, 2016) (equitably tolling the deadline set forth in S.D. Ohio Civ. R. 54.2(b) in an analogous situation), *report and recommendation adopted*, No. 1:13-cv-482, 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016). However, the Court **ADVISES** Counsel that, moving forward, the failure to timely file § 406(b) motions may result in the reduction/denial of attorney fees. *See id.*

The contingent fee agreement documents both Plaintiff's intent to pay Counsel 25% of any past-due benefits he received in this case and Counsel's willingness to accept the risk of receiving nothing if no past-due benefits were awarded.  (*See* Doc. 21-1 at 1).  Under well-established precedent, this unequivocal statement of intent warrants "due deference."  *Rodriquez*, 865 F.2d at 746.

Nonetheless, the Commissioner argues that the Court should reduce the proposed award.  (*See* Doc. 22 at 6).  The Commissioner does not claim that Counsel has acted improperly or ineffectively.  (*See id.*).  Instead, the Commissioner claims that the proposed award will create a windfall.  (*See id.*)  The Commissioner notes that, when the proposed award is considered together with Counsel's hours worked, an effective rate of $788.16/hour arises.[2]  (*Id.*)  The Commissioner suggests that the Court should reduce the proposed award such that it yields an effective rate of $350–$400/hour.  (*Id.*)

The Court acknowledges that, here, the proposed award will result in a high effective rate.  Nevertheless, the Court concludes that, here, the proposed award will <u>not</u> create a windfall, for at least three reasons.

First, Counsel devoted far more than "minimal effort" to Plaintiff's case.  *Rodriquez*, 865 F.2d at 746.  Counsel submitted persuasive and effective filings to the Court, which secured a reverse and remand for the immediate award of benefits.  (Doc.

---

[2] The Commissioner arrives at the effective rate by: (1) summing Counsel's proposed award ($8,963.25) and EAJA fees ($2,465.00); then (2) dividing the result by Counsel's hours worked (14.5).  (*See* Doc. 22 at 1, 6).  In short: ($8,963.25 + $2,465.00)/14.5 hours = $788.16/hour.  This is the appropriate way to calculate Counsel's effective rate.  *See, e.g.*, *Miles v. Comm'r of Soc. Sec.*, No. 1:16-cv-440, 2019 WL 5485220, at *2 (S.D. Ohio Oct. 25, 2019), *report and recommendation adopted*, No. 1:16-cv-440, 2019 WL 6131268 (S.D. Ohio Nov. 19, 2019).

17 at 17). This is the best result Plaintiff could have achieved at the federal level. (*Id.*) Certainly, Counsel's hard work in bringing about this positive result warrants appropriate compensation. *Cf. Rymer v. Colvin*, No. 1:12-cv-644, 2016 WL 946666, at *2 (W.D.N.Y. Mar. 14, 2016).

Second, this case does not involve "inordinate" benefits. *Rodriquez*, 865 F.2d at 746. To be sure, Plaintiff received a significant award as a result of Counsel's competent representation: past-due benefits totaling $69,713.00. (Doc. 21-2 at 3). However, while this award is significant, it is not so inordinately large that it would result in a windfall to Counsel, should Counsel receive the full 25% to which he is entitled under the contingent fee agreement. *Cf. Otten v. Comm'r, Soc. Sec. Admin.*, No. 1:14-cv-173, slip op. at 4 (S.D. Ohio Aug 11, 2015).

Finally, contrary to the Commissioner's suggestion, analogous cases indicate that the effective rate in this case, though high, is reasonable. On the Court's review, numerous decisions from this district have awarded Counsel attorney fees at effective rates similar to—if not <u>higher than</u>—that present here. *See, e.g.*, *Miles*, 2019 WL 5485220 (effective rate of <u>$714.29/hour</u> in a case involving the same Counsel); *Comer v. Comm'r of Soc. Sec.*, No. 1:13-cv-358, 2018 WL 1790826 (S.D. Ohio Apr. 16, 2018), *report and recommendation adopted*, No. 1:13-cv-358, 2018 WL 2335759 (S.D. Ohio May 23, 2018) (effective rate of <u>$709.06/hour</u> in a case involving the same Counsel); *Otten*, No. 1:14-cv-173 (effective rate of <u>$969.62/hour</u> in a case involving the same Counsel); *see also Metz v. Comm'r, Soc. Sec. Admin.*, No. 3:11-cv-391, 2014 WL

5

1908512 (S.D. Ohio May 12, 2014) (effective rate of $780.25/hour in a case involving a different attorney).

All things considered, the Court concludes that the proposed award is reasonable under the facts of this case. Bolstering this conclusion is the simple fact that, under § 406(b), a contingent fee award is not unreasonable merely because it involves a high hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained in *Royzer*:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*; *accord Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990)

## IV. CONCLUSION

Based on the foregoing, the Fee Motion (Doc. 21) is **GRANTED**. Counsel is entitled to an award of attorney fees in the amount of $8,963.25. Plaintiff is entitled to any remaining funds withheld by the Commissioner.

**IT IS SO ORDERED.**

Date: 6/1/2020

*Timothy S. Black*
Timothy S. Black
United States District Judge

6